10-2491-cv
Castiglione v. Papa, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges*,
> JANE A. RESTANI,
> > *Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ELAINE CASTIGLIONE,

> *Plaintiff-Appellant*,

v.                                                           No. 10-2491-cv

MARIO J. PAPA, ESQ., INDIVIDUALLY AND AS AGENT FOR
OR EMPLOYEE OF HODGSON RUSS LLP, ET AL.,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          Elaine Castiglione, *pro se*, Monmouth Beach, NJ.

---

\* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

1

**FOR DEFENDANTS-APPELLEES:** Kevin Kearney and Benjamin Ahlstrom, *of counsel*, Hodgson Russ LLP, Buffalo, NY, *for defendants-appellees Mario J. Papa, Hodgson Russ LLP, Louis J. Castiglione, Jr., Barbara K. Castiglione, Christine A. Chaite, and Gem Jewelers Inc.*; Andrew P.Karamouzis, Moran Karamouzis LLP, Rockville Centre, NY, *for defendants-appellees KeyBank, National Association, KeyCorp, and Mark Lasch.*

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Elaine Castiglione ("Castiglione"), proceeding *pro se*, appeals the District Court's judgment denying her motion for entry of default judgment against defendant Carl Kempf and granting defendants' motions to dismiss her amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.        Motion for Entry of Defendant Kempf's Default

A plaintiff must "serve[ ] on every party . . . a pleading filed after the original complaint." Fed. R. Civ. P. 5(a)(1)(B). Service is proper if it complies with the methods outlined under Federal Rule of Civil Procedure 4(e)(2) or under the law of the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e). Generally, a defendant must serve a responsive pleading within 21 days after being served with the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, "a default judgment ordinarily must be entered by the district judge" under Rule 55(b)(2). *See City of New York v. Mickalis Pawn Shop, LLC*, 08-4804-cv, 09-1345-cv, 2011 WL 1663427, *10 (2d Cir. 2011). We review for abuse of discretion a district court's ruling on a motion for entry of a party's default or for entry of default judgment, *see Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001), bearing in mind that we have expressed a "strong preference" for resolving disputes on the merits, and that a default judgment is "the most severe sanction which the court may apply," *see New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

Here, the District Court did not abuse its discretion in denying Castiglione's motion for entry of Kempf's default, which the Court construed as a motion for default judgment, because Kempf never defaulted. Although the record demonstrates that Kempf was properly served with the summons and original complaint on December 16, 2009, Castiglione filed her amended complaint less than 21 days later, on December 23, 2009, *see* ROA doc. 15, thus eliminating Kempf's obligation to respond to the original

complaint and averting his default, *see* Fed. R. Civ. P. 15(a)(1)(B). Although the parties dispute whether service of the amended complaint by mail on Kempf was proper, the District Court did not abuse its discretion based upon the record before us. Even assuming service was proper, we affirm the denial of the default on alternative grounds. As there was no prejudice to plaintiff in denying entry of the default, Kempf had meritorious defenses to the claims against him, and there is a strong preference in this Circuit in favor of resolving disputes on the merits, entry of a default was properly denied.

## II.     Motions to Dismiss

In reviewing the dismissal of a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), we review a district court's factual findings for clear error and its legal conclusions *de novo,* construing the complaint liberally, accepting all factual allegations therein as true, and drawing all reasonable inferences in plaintiff's favor. *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (involving Rule 12(b)(1) motion); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (involving Rule 12(b)(6) motion). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Having conducted an independent review of the record in light of these principles, we affirm the judgment on appeal for substantially the same reasons stated by the District Court in its thorough and well-reasoned decision. *See Castiglione v. Papa, et al.*, 1:09-CV-0967 (LEK/DRH), 2010 WL 2044688 (N.D.N.Y. May 24, 2010). Although Castiglione asserts that the District Court improperly applied the *Rooker-Feldman* doctrine because she was attempting to raise an independent constitutional claim, this assertion is belied by her amended complaint. The majority of Castiglione's factual allegations related to defendants' alleged efforts fraudulently to probate the will and codicil of Louis Castiglione, Sr., which were at issue in the state court surrogate proceedings, including her allegations relating to the bribery of a state court judge. Similarly, the majority of the legal claims articulated in the amended complaint were state law claims related to the fraud that allegedly occurred in connection with the probate of the will. Under these circumstances, the District Court properly applied the criteria we articulated in *Hoblock v. Albany Cnty. Bd. of Elections* in concluding that Castiglione's complaint was barred by the *Rooker-Feldman* doctrine. *See* 422 F.3d 77, 85-86 (2d Cir. 2005). As noted by the District Court, Castiglione cannot avoid application of the *Rooker-Feldman* doctrine simply by "presenting in federal court a legal theory not raised in state court," for example, by framing her claims under §§ 1983 or 1985. *See Hoblock*, 422 F.3d at 86. To the extent that Castiglione attempted to assert claims against defendants that were not named in the underlying state court case, the District Court correctly dismissed her claims against those defendants for failure to state a cause of action.

3

In any event, the District Court properly concluded that Castiglione's § 1983 claim—which depended entirely on her allegations of judicial bribery—was not sufficiently plausible to survive defendants' motions to dismiss, and correctly dismissed Castiglione's § 1985 claim, which Castiglione does not challenge on appeal. Having dismissed Castiglione's only federal law claims, the District Court should have declined to exercise supplemental jurisdiction over her remaining state law claims. *See* 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Powell v. Gardner*, 891 F.2d 1039, 1047 (2d Cir. 1989) ("[I]n light of the proper dismissal of the § 1983 claim against [the defendants], the district court should have declined to exercise pendent jurisdiction over [the plaintiff's] state-law claims . . . ."). We may affirm the District Court's judgment on this additional basis. *See Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010) ("We may affirm the district court's decision on any ground appearing in the record.").

## CONCLUSION

We have considered Castiglione's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4